In the Matter of the Application of REUBEN LUCKENS, Petitioner. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

In the Matter of the Application of ADOLPH BARTOLI and REUBEN LUCKENS, Petitioners. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Queens County, March 23, 1954.

*Irving Galt* for Reuben Luckens, petitioner.

*Morris Schwalb* for Adolph Bartoli, petitioner.

*Nathaniel L. Goldstein, Attorney-General (John J. Calanese* of counsel), for respondent.

CHRIST, J. These are motions on behalf of both defendants seeking transfer of their prosecution for the unlawful practice of medicine from the Court of Special Sessions of the City of New York to the County Court of Queens County. The defendants are chiropractors and make the motions pursuant to paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act.

The granting or denial of this type of motion is a matter of the court's discretion and the previously decided cases are of little help for, without apparent differences, there is a sharp division in the precedents. (Transfer granted: *People* v. *Meister,* tried in General Sessions, January, 1944; *People* v. *Strayer,* tried in County Court, Richmond County, June, 1945; *People* v. *Sauchelli,* tried in Court of General Sessions, June, 1946; *People* v. *Scallon,* tried in General Sessions, June, 1947; *People* v. *Maybrook,* tried in General Sessions, January, 1952; *People* v. *Sabourin,* tried in County Court, Queens County, September and October, 1953 (now awaiting a new trial); transfer denied: *Matter of Ceresa,* N. Y. L. J., Feb. 3, 1945, p. 464, col. 2; *Matter of Frey,* N. Y. L. J., June 2, 1945, p. 2119, col. 7; *Matter of Pecora,* N. Y. L. J., June 26, 1945, p. 2437, col. 7; *People* v. *Rose Gold Graf,* N. Y. L. J., Oct. 3, 1946, p. 733, col. 2; *People* v. *Walsh,* N. Y. L. J., Dec. 26, 1950, p. 1697, col. 2.)

The reason for denial of transfer is clear and simple. The Legislature has specifically provided that cases involving alleged unlawful practice of medicine be tried in the Court of Special Sessions. That is a court comprised of three able justices who can and do skillfully sift the truth, determine facts and apply the law so that justice may be done. The statute has fixed the division of work in the courts and has specifically directed that cases of this sort be tried in the Court of Special Sessions. They should not be transferred elsewhere for trial in the absence of compelling reasons. Chiropractors are not to be dealt with differently than others whose guilt or innocence is to be determined.

On the other hand, the cases in which applications for transfer to the County Court have been granted have taken the view that novel questions of law were involved, or that facts of special complexity were to be examined, or that the questions involved were of great public concern. But perhaps the most compelling reason given has been that because chiropractors are men of education, training and special skill, a conviction would be of such moment to them that their cases ought to be passed upon by a jury rather than by a Court of Special Sessions.

I find no unusual questions of law here. *People* v. *Maybrook* (301 N. Y. 637), which is a late pronouncement by the Court of Appeals upon a case quite comparable to the one at bar, is an excellent guide for the Court of Special Sessions, and it will be required to adhere to the law as there set out.

The facts here involved are not shown to be complicated. Although many people are clients of chiropractors, it is not a matter of great public import to determine whether the defendants here have gone beyond the limits of the permitted practice of their field. The law of our State defines what is the practice of medicine and prescribes who may engage in it. A Court of Special Sessions can well decide whether there has been a violation of law in this case.

It is claimed that the trial involves a property right and is a matter of such gravity to the defendants that the safeguards of a jury trial should be provided. The Court of Special Sessions is daily passing upon matters affecting the business, the reputation and the liberty of people who come before it, and nothing has been shown to support the claim that a fairer trial would be had in the County Court.

The motions for transfer to the County Court are denied. Submit order.